## IN THE UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF ARKANSAS
## CENTRAL DIVISION

**LESLIE HOUSER, "Abe";  RODNEY**
**JEFFERY;  ROBERT ROBINSON;**
**GUSTAVO HURTADO;  and**
**BRADLEY CANTRELL**                                        **PLAINTIFFS**

**v.**                          **No. 4:23-cv-444-DPM**

**IGOR DRANCHUK;  CAPITOL TRUCKING,**
**INC.;  ACCORD TRUCKING, INC;  and**
**JOHN DOES 1-10**                                        **DEFENDANTS**

### ORDER

**1.** Joint report of the parties' discovery dispute, *Doc. 26*, noted. Defense counsel emailed plaintiffs' counsel, Mr. Nalley, a link to their written discovery requests in mid-January 2024. *Doc. 26-1.* They didn't hear back.  They followed up in mid-April, and both Mr. Nalley and his paralegal replied that they never got the January requests. *Doc. 26-8 & Doc. 26-6.*   On April 22nd, defense counsel re-sent their discovery requests along with instructions on how to access the link. *Doc. 26-8.* The defendants say they suffered prejudice from the delay.  Mr. Nalley says April 22nd was the first time he got the requests.

Were the January requests properly served?  No.  Service by email is ineffective if the "sender learns that it did not reach the person to be served[.]"  Fed. R. Civ. P. 5(b)(2)(E).  That's what happened here.

The defendants offer no contrary evidence;  and these two law firms have experienced similar technology issues in the past.  *Doc. 26-6 at 2.* The plaintiffs' thirty-day response time therefore started running on 22 April 2024, when defense counsel learned of the defect and re-sent the discovery requests.

Four of the five plaintiffs timely responded on May 9th. The fifth—Bradley Cantrell—still hasn't.  The Court directs Cantrell to respond to the defendants' requests for admission by 9 July 2024. Failure to do so may result in his claims being dismissed without prejudice for failure to prosecute.  Fed. R. Civ. P. 41(b).

**2.**  The motion to withdraw, *Doc. 27*, is granted.  Cantrell has not cooperated with his lawyer, and he is aware that his lawyer intends to withdraw.  *Doc. 27 at 2-3.*  John Doyle Nalley is therefore relieved as counsel for Cantrell.  The Court directs Mr. Nalley to do two things: file a status report with Cantrell's contact information;  and send Cantrell a copy of this Order promptly.   Cantrell is now *pro se.* The Court encourages him to secure new counsel as soon as practicable.

**3.**  Last, the plaintiffs have objected to the defendants' responses to their requests for admission.  *Doc. 26 at 7.*  Those objections are untimely.   Fed. R. Civ. P. 36(a)(3).   The defendants responded on 7 May 2024.  *Doc. 21.*  The plaintiff's objected three days too late on 10 June 2024.  *Doc. 26-9 at 2.*

\*   \*   \*

In the circumstances, the Court extends the defendants' expert disclosure deadline to 9 July 2024.  Plaintiffs' rebuttal expert disclosures are now due by 22 July 2024.  The parties' discovery deadline is extended to 6 September 2024.  The Court declines to impose costs.

So Ordered.

_D.P. Marshall Jr._
D.P. Marshall Jr.
United States District Judge

21 June 2024